IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Flor Perez, Jissy Perez, and Lesther Garcia,<br><br>      Plaintiffs,<br><br>  v.<br><br>Kids Empire Dallas Mesquite (TX) LLC<br>and Ariel Flores<br><br>      Defendants. | Case No. _____<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

# COMPLAINT

Plaintiffs Flor Perez ("Plaintiff"or " Flor Perez'), Jissy Perez ("Plaintiff" or "Jissy Perez") and Lesther Garcia ("Plaintiff" or "Lesther Garcia"), and may collectively be refererred to as "Plaintiffs", by and through their attorney, James M. Dore, complain against Kids Empire Dallas Mesquite (TX) LLC ("Defendant" or "Kids Empire") and Ariel Flores ("Defendant" or "Flores"). Kids Empire and Flores may collectively be referred to as "Defendants". In support of this Complaint, Plaintiffs state:

## Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay Plaintiffs their wages owed.

## Parties

2. Plaintiff Flor Perez is a resident of Dallas, Texas; and she was employed by Defendants.

3. Plaintiff Jissy Perez is a resident of Dallas, Texas; and she was employed by Defendants.

4. Plaintiff Lesther Garcia is a resident of Dallas, Texas; and he was employed by Defendants.

5. Kids Empire is a business that is located, headquartered, and conducts business in Mesquite, Texas.

6. Ariel Flores is the Manager of Kids Empire, and he is in charge of its employees. On information and belief, Flores is a resident of Mesquite, Texas.

7. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

8. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Northern District of Texas because all underlying facts and transactions occurred in or about Mesquite, Texas.

## Facts Common To All Claims

10. Kids Empire is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

11. Ariel Flores is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiffs' head "boss" at Kids Empire; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiffs work schedules and

conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA
### As to Plaintiff Flor Perez

12. Plaintiff reincorporates by reference Paragraphs 1 through 11, as if set forth in full herein for Paragraph 12.

13. Plaintiff began working at Kids Empire on or about July 15, 2022, until August 23, 2022.

14. At all times, Plaintiff held the same position at Kids Empire, she was a housekeeping worker. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform housekeeping duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 15 hours per week.

14. Plaintiff was paid their wages on a(n) daily basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

16. Plaintiff's rate of pay was $2,000.00 a month, or $33.33 per hour.

17. Throughout the course of Plaintiff's employment, Defendants did not pay Plaintiff for any of the hours she worked at Kids Empire.

18. Defendants' failure and refusal to pay Plaintiff the wages for hours worked per week at Kids Empire was a willful violation of the FLSA.

20. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i)

$2,999.70 in unpaid wages; (ii) liquidated damages of $2,999.70; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Flor Perez respectfully requests that the Court enter a judgment in her favor and against Defendants jointly and severally, for:

A.   The amount of unpaid wages for all time worked by Plaintiff in individual work weeks, totaling at least $2,999.70;

B.   An award liquidated damages in an amount equal to at least $2,999.70.

C.   A declaration that Defendants violated the FLSA;

D.   An award reasonable attorneys' fees and costs; and

E.   Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF THE FLSA
### As to Plaintiff Jissy Perez

21.   Plaintiff reincorporates by reference Paragraphs 1 through 11, as if set forth in full herein for Paragraph 21.

22.   Plaintiff Jissy Perez began working at Kids Empire on or about July 15, 2022 until August 23, 2022.

23.   At all times, Plaintiff held the same position at Kids Empire, she was a housekeeping worker. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform housekeeping duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

24.   Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 15 hours per week.

25.   Plaintiff was paid their wages on a(n) daily basis.

26. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

27. Plaintiff's rate of pay was $14.00 an hour.

28. Throughout the course of Plaintiff's employment, Defendants did not pay Plaintiff for any of the hours she worked at Kids Empire.

29. Defendants' failure and refusal to pay Plaintiff the wages for hours worked per week at Kids Empire was a willful violation of the FLSA.

30. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $1,470.00 in unpaid wages; (ii) liquidated damages of $1,470.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

WHEREFORE, Plaintiff Jissy Perez respectfully requests that the Court enter a judgment in her favor and against Defendants jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff in individual work weeks, totaling at least $1,470.00;

B. An award liquidated damages in an amount equal to at least $1,470.00.

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### COUNT III: VIOLATION OF THE FLSA
(As to Plaintiff Lesther Garcia)

31. Plaintiff reincorporates by reference Paragraphs 1 through 11, as if set forth in full herein for Paragraph 31.

32. Plaintiff began working at Kids Empire on or about July 15, 2022, until August 23, 2022.

33. At all times, Plaintiff held the same position at Kids Empire, he was a housekeeping worker. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform housekeeping duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

34. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 15 hours per week.

35. Plaintiff was paid their wages on a(n) daily basis.

36. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

37. Plaintiff's rate of pay was $14.00 per hour.

38. Throughout the course of Plaintiff's employment, Defendants did not pay Plaintiff for any of the hours he worked at Kids Empire.

39. Defendants' failure and refusal to pay Plaintiff the wages for hours worked per week at Kids Empire was a willful violation of the FLSA.

40. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $1,470.00 in unpaid wages; (ii) liquidated damages of $1,470.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

WHEREFORE, Plaintiff Lesther Garcia respectfully requests that the Court enter a judgment in his favor and against Defendants jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff in individual work weeks, totaling at least $1,470.00;

B. An award liquidated damages in an amount equal to at least $1,470.00.

C. A declaration that Defendants violated the FLSA;

D.      An award reasonable attorneys' fees and costs; and

E.      Any such additional or alternative relief as this Court deems just and proper.


                                            /s/James M. Dore
                                            By Their Attorney

**Justicia Laboral LLC**
**James M. Dore (Texas Bar No. 24128272)**
*Attorneys for Plaintiffs*
6232 N. Pulaski, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com


**PLAINTIFFS DEMAND TRIAL BY JURY**

## EXHIBIT A Flor Perez unpaid wages

| Week | Av. Hours/Wk. | Hrly. Wage | MW/Hr. | Unpaid wage | FLSA Liquidated |
|---|---|---|---|---|---|
| 7/17/2022 | 15 | $33.33 | $0.00 | $499.95 | $499.95 |
| 7/24/2022 | 15 | $33.33 | $0.00 | $499.95 | $499.95 |
| 7/31/2022 | 15 | $33.33 | $0.00 | $499.95 | $499.95 |
| 8/7/2022 | 15 | $33.33 | $0.00 | $499.95 | $499.95 |
| 8/14/2022 | 15 | $33.33 | $0.00 | $499.95 | $499.95 |
| 8/21/2022 | 15 | $33.33 | $0.00 | $499.95 | $499.95 |
| TOTALS: | | | | $2,999.70 | $2,999.70 |

EXHIBIT B Jissy Perez and Lesther Garcia unpaid wages

| Week | Av. Hours/Wk. | Hrly. Wage | MW/Hr. | Unpaid wage | FLSA Liquidated |
|---|---|---|---|---|---|
| 7/17/2022 | 15 | $14.00 | $0.00 | $210.00 | $210.00 |
| 7/24/2022 | 15 | $14.00 | $0.00 | $210.00 | $210.00 |
| 7/31/2022 | 15 | $14.00 | $0.00 | $210.00 | $210.00 |
| 8/7/2022 | 15 | $14.00 | $0.00 | $210.00 | $210.00 |
| 8/14/2022 | 15 | $14.00 | $0.00 | $210.00 | $210.00 |
| 8/21/2022 | 15 | $14.00 | $0.00 | $210.00 | $210.00 |
| 8/28/2022 | 15 | $14.00 | $0.00 | $210.00 | $210.00 |
| TOTALS: | | | | $1,470.00 | $1,470.00 |